UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH FINCH,

    Petitioner,

v.

JONATHAN HEMINGWAY,

    Respondent.
_____/

Case No. 20-cv-12753

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

# OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Federal prisoner Joseph Finch ("Petitioner"), who is currently located at the Federal Correctional Institution in Milan, Michigan, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is serving a term of 188 months, entered on May 3, 2017, in the United States District Court for the Western District of Missouri after he pled guilty to felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Petitioner's sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Petitioner raises two claims in his petition: (1) his sentence was erroneously enhanced under the ACCA because two of his prior narcotic offenses occurred on the same date and (2) he is actually innocent of felon in possession of a firearm in light of the new interpretation of the statute recognized in *Rehaif v. United States*,

1

139 S. Ct. 2191 (2019). *See* ECF No. 1, PageID.12. Upon review of the arguments presented, the Court will DENY the petition because Petitioner has failed to demonstrate entitlement to habeas relief under § 2241.

## II. BACKGROUND

In 2015, law enforcement officers found a pistol, ammunition, and small amounts of narcotics hidden on the back porch of Petitioner Joseph Finch's Springfield, Missouri home. ECF No. 9-1. In light of his extensive criminal record, Petitioner was indicted in the Western District of Missouri with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Finch*, W.D. Mo. No. 16-03103; *see* ECF No. 1. Petitioner was also charged with being an armed career criminal under the ACCA in light of four prior narcotics convictions: (1) distribution of cocaine on February 3, 1999; (2) distribution of cocaine on February 4, 1999; (3) distribution of cocaine base on February 17, 1999; and (4) second-degree drug trafficking on December 1, 1999. ECF No. 9-1.

On November 3, 2016, Petitioner pled guilty to the charged offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Finch*, W.D. Mo. No. 16-03103; *see* ECF No. 9-2, PageID.82. During the plea hearing, Petitioner reserved the right to contest whether he qualified for an enhanced sentence under the ACCA. *Id.* After the government provided certified copies of Petitioner's prior convictions, Petitioner withdrew his objection. *Id.* At Petitioner's May 3, 2017, sentencing hearing he confirmed that he was eligible for the ACCA

enhancement, agreeing that "he meets the requirements for a minimum sentence of 15 years." *Id.* The district court sentenced Finch to 188 months. *Id.* Petitioner did not file a direct appeal of his conviction and sentence.

On June 5, 2018, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. *Id.* Petitioner argued that his trial counsel was ineffective for failing to negotiate a favorable plea agreement. *Id.* Petitioner did not argue that he was improperly sentenced under the ACCA. *Id.* The district court dismissed the motion as untimely filed. *Id.* Petitioner thereafter filed the instant petition under § 2241.

### III. ANALYSIS

Apart from a direct appeal, "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). The substance of the present petition challenges Petitioner's conviction and sentence. He asserts that he was erroneously sentenced under the ACCA, and he asserts that he is actually innocent of felon in possession of a firearm under *Rehaif*.

An inmate may challenge his conviction or sentence pursuant to § 2241 rather than § 2255 where a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Because one of Petitioner's claims attacks his sentence (the ACCA claim) and the other attacks his conviction (the *Rehaif* claim), and because the criteria for determining whether the remedy under § 2255 is

inadequate or ineffective differs slightly depending on whether the claim challenges a conviction or sentence, the Court must address Petitioner's claims separately in determining whether Petitioner may proceed under § 2241.

### A. ACCA Sentence Enhancement

To establish entitlement to § 2241 review with respect to his ACCA claim, Petitioner must demonstrate: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595; *c.f. Wright v. Spaulding*, 939 F.3d 695, 704 (6th Cir. 2019) (questioning whether the test is part of *Hill's* holding).

Petitioner satisfies none of the factors. First, the ACCA claim does not purport to rely on any case of statutory interpretation, let alone one that applies retroactively and could not have been invoked in his § 2255 motion. Petitioner's claim is a factual one that was available to him when he filed his § 2255 motion. He asserts that two of his prior narcotics offenses were incorrectly counted under the ACCA because the offenses occurred on the same date. The argument that these two such offenses should have counted as one under the ACCA is not based on any new case of statutory interpretation. Rather, the legal and factual bases for Petitioner's ACCA claim were available to him when he filed his § 2255 motion, barring him from

4

proceeding here under § 2241. *See, e.g., Booker v. Saad*, No. 1:18-CV-0107, 2018 WL 2322853, at *2 (N.D. Ohio May 22, 2018) ("This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law[.]").

But even setting aside the first two factors, the ACCA claim does not satisfy the third requirement that the claim presents an error sufficiently grave to be deemed a miscarriage of justice. Petitioner was appropriately subjected to an enhanced sentence under the ACCA so long as he had three previous convictions, "committed on occasions different from one another," that qualified as either a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). And where serious drug offenses occur on occasions different from one another, Congress intended that they not be regarded as a single criminal episode for purposes of the ACCA. *United States v. Beard*, 2012 U.S. App. LEXIS 27476, *5 (6th Cir. March 22, 2012); *United States v. Thomson*, 268 F. App'x 430, 436 n.1 (6th Cir. 2008).

Petitioner's first two drug distribution convictions arose out of cocaine sales on February 3 and 4, 1999 and resulted in separate counts of conviction. Petitioner was then convicted of selling crack cocaine on February 17, 1999, which resulted in a third conviction. Finally, Petitioner was convicted of a fourth drug trafficking conviction arising out of a December 1, 1999 arrest. The district court therefore

properly applied the ACCA enhancement in light of Petitioner's four separate drug trafficking convictions.

As Petitioner's ACCA claim satisfies none of the *Hill* factors, he has failed to demonstrate entitlement to review under § 2241.

### B. *Rehaif* Claim

A different test applies to Petitioner's second claim, asserting that the Supreme Court decision in *Rehaif* renders him actually innocent of felon in possession of a firearm. Where a petitioner challenges his conviction on the ground that he is factually innocent based on a change in law, he may show that § 2255 provides an "inadequate or ineffective" remedy by proving: "(1) the existence of a new interpretation of statutory law, (2) issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) that is retroactive, and (4) applies to the petition's merits such that it is more likely than not that no reasonable juror would have convicted the petitioner." *McCormick v. Butler*, 977 F.3d 521, 525 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 594-95) (additional quotations omitted).

Petitioner likely satisfies the first three criteria. In *Rehaif*, the Supreme Court held that to be convicted under § 922(g) the government must prove that a defendant knew he possessed a firearm and also for the first time, as relevant here, that he knew he had a prior conviction punishable by imprisonment for a term exceeding one year.

*Id.* at 2200; 18 U.S.C. § 922(g)(1). Petitioner's *Rehaif* claim satisfies the first criterion because it articulated a new element for § 922(g) charges—that the defendant knew he was a felon. The second criterion is met because *Rehaif* was decided after Petitioner's § 2255 motion. As for the third criteria, the Court will assume that *Rehaif* applies retroactively to Petitioner's case because it is a decision that narrows the scope of a criminal statute by interpreting its terms. *See Kerr v. Ormond*, No. 6:19-CV-170-REW, 2020 WL 7028706, at n.2 (E.D. Ky. Nov. 30, 2020).

Petitioner, however, cannot satisfy the fourth factor. He fails to establish that it is more likely than not that no reasonable juror would have convicted him of § 922(g) in light of *Rehaif*. Petitioner agreed as part of his guilty plea that he had a prior felony conviction. "Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it." *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) (citing *United States v. Conley*, 802 Fed. Appx. 919, 923 (6th Cir. 2020)). Moreover, Petitioner had previously served a ten-year prison term, an experience he was unlikely to have forgotten. It follows that Petitioner knew that he had been convicted of an offense that was punishable by more than a year in prison. *See United States v. Hobbs*, 953 F.3d 853, 858 (6th Cir. 2020) ("No reasonable juror could have believed" defendant was unaware of felony status where he served six years' incarceration on prior

7

conviction). Had Petitioner taken his felon in possession of a firearm case to trial, the Court has no trouble concluding that the Government would have presented compelling evidence that Petitioner had knowledge of his felon status when he possessed the firearm. *See Hunter v. Quintana*, 2020 U.S. App. LEXIS 32176, *7-9 (6th Cir. Oct. 9, 2020). Petitioner has therefore failed to demonstrate entitlement to § 2241 review based on his *Rehaif* claim.

## IV. Conclusion

Because neither of Petitioner's claims state a basis for § 2241 review, the Court **DENIES** the petition for writ of habeas corpus.

Finally, Petitioner is not required to apply for a certificate of appealability if he attempts to appeal this decision because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED.**

                                            s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            UNITED STATES DISTRICT JUDGE

Dated: June 25, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 25, 2021, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager